People v Carter (2019 NY Slip Op 07534)





People v Carter


2019 NY Slip Op 07534


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Acosta, P.J., Richter, Mazzarelli, Webber, Kern, JJ.


10150 1736/15

[*1] The People of the State of New York, Respondent,
v
Elliot Carter, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered September 16, 2016, convicting defendant, after a jury trial, of rape in the first degree, and sentencing him to a term of 15 years, unanimously affirmed.
The court properly admitted the victim's 911 call as an excited utterance (see generally People v Johnson, 1 NY3d 302, 306 [2003]). While the victim made two brief intervening phone calls, neither suggested fabrication or any indication that she was no longer under the stress of the event. The violent and shocking nature of the incident, the short amount of time that passed between the incident and the 911 call, the fact that the victim was still in the vicinity and still feared her attacker when she made the call, and the court's observation as to her agitated state during the call, justify the conclusion that her statements during the 911 call were not made under the impetus of studied reflection (see People v Brown, 70 NY2d 513, 520-522 [1987]). In any event, we find that any error was harmless. The victim testified at trial, and her credibility was thoroughly tested through cross-examination (People v Ludwig, 24 NY3d 221, 230 [2014]).
Finally, we find the testimony of an analyst that linked defendant's DNA to DNA found on the victim did not violate defendant's right of confrontation. The testimony of the analyst demonstrated her own "independent analysis on the raw data" to make the comparison, and the analysis was not merely "a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315 [2016]). Regardless of whether DNA evidence should have been admitted, any error was harmless. Defendant's identity, which was established by other evidence, was not in dispute since defendant argued that the case turned primarily on the issue of consent and not identity. The DNA evidence had no bearing on any contested issue at trial. We find unpersuasive defendant's present assertion that his strategy might have been different had the DNA evidence not been admitted.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK